IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHERYL L. SKIPPER,
    Plaintiff,

vs.                                              Case No.: 3:07cv525/MCR/EMT

JOHN E. POTTER,
    Defendant.
_____/

## **ORDER**

       Plaintiff, a non-prisoner proceeding pro se, commenced this action by filing a civil complaint for monetary damages pursuant to 42 U.S.C. § 2000e, *et seq.* (Title VII of the Civil Rights Act) and 42 U.S.C. § 12112, *et seq.* (Americans with Disabilities Act) (Doc. 1).  Plaintiff has also filed a Motion to Proceed in Forma Pauperis (Doc. 8).  Upon review of the motion to proceed in forma pauperis, the undersigned concludes that Plaintiff has failed to show she is entitled to proceed under 28 U.S.C. § 1915.

       The in forma pauperis statute provides that a trial court "may authorize the commencement, prosecution or defense of any suit . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets [she] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915.  It is clear that this statute does not create an absolute right to proceed in civil actions without payment of costs.  To the contrary, the statute conveys only a privilege to those unable to pay costs without undue hardships.  *See* Startti v. United States, 415 F.2d 1115 (5th Cir. 1969).[1]

       In Adkins v. E. I. DuPont de Nemours & Co., 335 U.S. 331, 339, 69 S. Ct. 85, 89, 93 L. Ed.

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all former Fifth Circuit decisions rendered before October 1, 1981.

43 (1948), the Supreme Court stated that a proper showing of poverty, as required by the statute, had been made if "one cannot because of his poverty 'pay or give security for the costs . . . and still be able to provide' himself and dependents 'with the necessities of life.'" The court then elaborated on this principle as follows:

> To say that no persons are entitled to the statute's benefits until they have sworn to contribute to payment of costs, the last dollar they have or can get, and thus make themselves and their dependents wholly destitute, would be to construe the statute in a way that would throw its beneficiaries into the category of public charges. The public would not be profited if relieved of paying costs of a particular litigation only to have imposed on it the expense of supporting the person thereby made an object of public support. Nor does the result seem more desirable if the effect of this statutory interpretation is to force a litigant to abandon what may be a meritorious claim in order to spare himself complete destitution. We think a construction of the statute achieving such consequences is an inadmissible one.

Adkins, 335 U.S. at 339–40. Although the trial court "has wide discretion" in denying an application to proceed in forma pauperis, and in civil cases seeking damages, "the courts should grant the privilege sparingly," in denying such applications the court "must not act arbitrarily. Nor may it deny the application on erroneous grounds." Martines v. Kristi Kleaners, Inc., 364 F.3d 1305, 1306 (11th Cir. 2004). When considering a motion filed pursuant to § 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty." *Id.* at 1307. Such an affidavit will be held sufficient if it represents that the litigant, because of her poverty, is unable to pay for the court fees and costs, and to support and provide necessities for herself and her dependents. *Id.*

In the instant case, Plaintiff's affidavit does not show that she cannot, because of poverty, afford to pay the costs of this litigation and still provide the necessities of life for herself and her spouse. Plaintiff's affidavit states that she and her husband reside in a home valued at approximately $323,000.00, and her husband's annual gross income is approximately $50,794.00, or $4,233.00 per month (Doc. 8 at 2, 3). Plaintiff's monthly expenses, which she states total approximately $4,596.00 per month, include payments for necessities, such as the home mortgage, two apparent loans (Members First Credit Union and Wachovia Bank Signature Loan), medical bills, electricity, telephone service, home and car insurance, trash service, groceries, and gasoline (*id*. at 3, attached page). However, her expenses also include payments for luxuries, such as cellular telephone service,

cable television service, home improvement purchases, and credit card purchases, for which Plaintiff states she pays a total of approximately $1,005.00 per month (*id*.). Based upon the fact that Plaintiff's monthly income would exceed her expenses by $642.00 if she forewent the aforementioned luxuries, and the filing fee in this case is $350.00, the court concludes that the cost of the filing fee is not beyond Plaintiff's means. Accordingly, she is not entitled to proceed in forma pauperis and must pay the filing fee to proceed with this case.

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion to Proceed in Forma Pauperis (Doc. 8) is **DENIED**. Plaintiff shall pay the filing fee within **THIRTY (30) DAYS** of the date of docketing of this order.

2. Failure to comply with this order may result in a recommendation of dismissal of this case for failure to comply with an order of the court.

**DONE AND ORDERED** this 25th day of January 2008.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**