IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHERYL LYNN SKIPPER,
    Plaintiff,

vs.                              Case No.:  3:07cv525/MCR/EMT

JOHN E. POTTER, Postmaster General,
    Defendant.
_____/

**O R D E R**

        This cause is before the court on Plaintiff's "Motion Requesting Reconsideration of Court Appointed Counsel" (Doc. 33).  Plaintiff requests that this court reconsider its previous denials of her requests for appointment of legal counsel to represent her in this Title VII case.  The court denied her previous requests for counsel because the court did not view the facts and legal issues involved in this case as exceptionally complex as to require the assistance of a trained practitioner (*see* Docs. 17, 22, 28).  In the instant motion, Plaintiff contends she requires counsel because the parties have now filed their Joint Report pursuant to the initial scheduling order and Rule 26(f) of the Federal Rules of Civil Procedure (Doc. 30), and the Report includes the parties' characterization of the case as complex (*see id.* at 2, ¶ 3.B.).  Additionally, Plaintiff states she has made numerous efforts to obtain counsel with no success (*see* Doc. 33 at 1–2).

        Plaintiff's Motion for Reconsideration will be denied.  As Plaintiff was previously advised, 28 U.S.C. § 1915(e)(1) provides for the appointment of counsel for an indigent civil rights plaintiff; however, the court has broad discretion in making the decision whether to appoint counsel.  *See* Killian v. Holt, 166 F.3d 1156, 1157 (11th Cir. 1999).  Appointment of counsel is "a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner."  Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987); *see also* Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999) (the district

court "should appoint counsel only in exceptional circumstances."). An additional consideration is "whether the pro se litigant needs help in presenting the essential merits of his or her position to the court." Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993).[1] The undersigned concludes that this case does not present the type of exceptional circumstances required under this circuit's precedent for the appointment of counsel in a civil case. Furthermore, the court cannot require any counsel to accept this case on a pro bono or contingency fee basis. Therefore, Plaintiff's request for reconsideration of the court's denials of her request for appointment of counsel will be denied. Plaintiff is advised that she may obtain review of an order of this court on any pretrial matter by filing a motion for reconsideration with the District Judge, pursuant to 28 U.S.C. § 636(b)(1)(A), in which she must show that this court's order was clearly erroneous or contrary to law. The court will, however, direct the clerk to broadcast an electronic notice to all attorney members of the court's bar advising of the opportunity to provide representation in this case. Such action on the part of the court does not guarantee appearance of counsel for Plaintiff.

Accordingly, it is **ORDERED**:

1. Plaintiff's "Motion Requesting Reconsideration of Court Appointed Counsel" (Doc. 33) is **DENIED**.

2. The clerk shall immediately send a notice to all members of the court's bar providing in substance:

> This is a notice of an opportunity to provide pro bono representation in a case filed in the Pensacola Division in which a Final Scheduling Order has recently been issued. The case is Skipper v. Potter, Case No. 3:07cv525/MCR/EMT. Plaintiff seeks relief under 42 U.S.C. § 2000e, *et seq.* (Title VII of the Civil Rights Act) and 42 U.S.C. § 12112, *et seq.* (Americans with Disabilities Act) as a result of alleged discrimination against her based on gender (female), race (Hispanic) and disability (on-the-job back injury). Plaintiff's former employer, Postmaster General John E.

---

[1]As the Fifth Circuit summarized in Jackson v. Dallas Police Dep't:

> A district court is not required to appoint counsel unless the case presents "exceptional circumstances." Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982). "The existence of such circumstances will turn on the quality of two basic factors—the type and complexity of the case, and the abilities of the individual bringing it." *Id.* at 266 (footnote omitted).

Jackson, 811 F.2d at 261–62.

Potter, is the sole Defendant in this action. Plaintiff alleges that Defendant Potter retaliated against her for previously filing EEO complaints, created a hostile work environment beginning in January of 2006, which resulted in forced termination of her employment in February of 2007, and failed to adhere to a binding arbitrator's decision (*see* Doc. 30 at 4, ¶ 5.A.). Defendant denies Plaintiff's allegations of discrimination and retaliation, denies creating a hostile work environment, and denies that it failed to adhere to a binding arbitrator's decision (*id.* at ¶ 5.B.). Defendant additionally asserts that Plaintiff failed to exhaust her administrative remedies on certain of her claims, other claims were settled by the parties and/or were the subject of binding arbitration, and other claims fail to state a claim upon which relief can be granted (*id.*). The court recently issued a Final Scheduling Order setting various pre-trial deadlines, including a discovery deadline of December 31, 2008 (Doc. 32).

Public funds are not available for payment of attorney's fees. A reasonable attorney's fee (including expert fees) may be recoverable under applicable law if Plaintiff ultimately prevails. *See* 42 U.S.C. §§ 2000e-5(k), 12117(a). Limited funds sometimes are available from the district's Bench and Bar Fund for payment of out-of-pocket expenses incurred by attorneys providing representation of this type.

Members of the district's bar will be afforded access to the electronic docket without charge for the purpose of considering whether to undertake the representation. Further case information is available from the court's website. Any attorney who wishes to provide representation may contact Plaintiff directly and may enter the case by filing a notice of appearance.

Any attorney who wishes to appear should file a notice of appearance by September 26, 2008.

3. The issuance of the electronic notice does not affect the deadlines established in the Final Scheduling Order previously issued by the court.

**DONE AND ORDERED** this 19th day of August 2008.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

Case No.: 3:07cv525/MCR/EMT