IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHERYL LYNN SKIPPER,
    Plaintiff,

vs.                                        Case No. 3:07cv525/MCR/EMT

JOHN E. POTTER,
    Defendant.
_____/

### **ORDER**

       This cause is before the court upon Defendant's "Motion to Dismiss and/or for Summary Judgment" (Doc. 47).  Plaintiff shall be given an opportunity to respond to the motion, upon being advised of the procedural rules and legal standards governing summary judgment motions.

       Plaintiff is advised that in preparing her response to the motion for summary judgment, she should file and serve affidavits and any other documents or materials required by Fed. R. Civ. P. 56 and Local Rule 56.1(A).  In opposing a motion for summary judgment, Plaintiff is the nonmoving party, and as Plaintiff she is the party with the burden of proof.  Summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The rule does not require the party seeking summary judgment to submit evidence **negating** the opposing party's claim, but instead to demonstrate ("**with or without supporting affidavits**") that the Rule 56(c) standard is satisfied.  Celotex Corporation v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986).

      Plaintiff is cautioned that she must dispute or contradict Defendant's arguments with evidence of a substantial nature as distinguished from legal conclusions.  Plaintiff cannot successfully defeat a motion for summary judgment with mere formal denials or general allegations that do not disclose the facts in detail and with precision, nor can she simply rely upon the pleadings.

A general denial unaccompanied by any evidentiary support will not suffice. *See, e.g.*, Courson v. McMillian, 939 F.2d 1479 (11th Cir. 1991); Hutton v. Strickland, 919 F.2d 1531 (11th Cir. 1991).

Evidentiary material which is acceptable in opposition to a motion for summary judgment includes sworn affidavits or other sworn documentary or other evidence indicating the existence of a genuine issue of material fact. Fed. R. Civ. P. 56(e). Affidavits must be based on personal knowledge, setting forth such facts as would be admissible into evidence and affirmatively showing that the affiant is competent to testify to the matters stated therein. *Id*. If affidavits of witnesses are unavailable, Plaintiff should so indicate by her own affidavit and seek an extension of time to obtain other affidavits. Fed. R. Civ. P. 56(f). If Plaintiff is unable to present, by affidavit or other evidence, facts essential to justify his opposition to Defendant's motion, Plaintiff must file a sworn statement as to why she is unable to do so.

Materials submitted on a motion for summary judgment are viewed in the light most favorable to the party opposing the motion (Plaintiff), but unreasonable and speculative inferences will not be drawn from the materials. Tyler v. Vickery, 517 F.2d 1089 (5th Cir. 1975). Evidence filed by Defendant in support of the motion for summary judgment may be accepted as true by the court if Plaintiff does not file contrary evidence in the form of sworn affidavits or other materials in compliance with Rule 56. Brown v. Shinbaum, 828 F.2d 707 (11th Cir. 1987).

Plaintiff is cautioned that only those pleadings and evidentiary materials currently in the record or filed in accordance with this order will be considered by the court in ruling on such a motion. A motion for summary judgment will result in a final judgment without a full trial or any further proceeding, if the pleadings, sworn affidavits, and other appropriate evidentiary materials properly filed in the record show that there is no genuine issue as to any material fact and that Defendant is entitled to a judgment as a matter of law. Celotex, 477 U.S. 317; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 2d 202, 212 (1986).

Finally, Plaintiff is instructed to consult Local Rule 56.1 prior to responding to Defendant's motion. In particular, Plaintiff is advised that she must file a separate short and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried. *See* N.D. Fla. Loc. R. 56.1(A).

Accordingly, it is **ORDERED**:

1.   Plaintiff shall respond to Defendant's motion within **THIRTY (30) DAYS** from the date of docketing of this order.

2.   Failure to comply with this order may result in a recommendation that Defendant's motion be granted and that final judgment be entered in favor of Defendant.

**DONE AND ORDERED** this 2nd day of February 2009.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**